1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

LARISA SAKHANSKIY,

Case No. 23-cv-04751-SVK

Plaintiff,
8
9

v.

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

10

JUSINO,

11

Defendant.

12

**INTRODUCTION**

13          Petitioner is a federal prisoner proceeding pro se who was housed in the federal prison

14   facility in Dublin, California, when she filed this petition for a writ of habeas corpus under 28

15   U.S.C. § 2241 challenging the conditions of her confinement.[1]  (ECF No. 1.)  The Court reviewed

16   the petition and ordered Respondent to show cause why it should not be granted.  (ECF No. 7.)

17   Respondent filed an answer, and Petitioner filed a traverse.[2]  (ECF Nos. 11, 13, 14.)  For the

18   reasons discussed below, the petition is dismissed without prejudice.

19                                          **BACKGROUND**

20          Petitioner was convicted in the United States District Court for the Eastern District of

21   California and sentenced to a term of 180 months in prison.[3]  (ECF No. 1 at 1.)  She was housed at

22   the Federal Correctional Institution in Dublin from February 2016 until August 20, 2021, when she

23   was moved to the minimum-security Satellite Prison Camp ("SPC"), also in Dublin.  (ECF No.

24   11.1 at ¶ 11.)

25
26
27

[1] The parties have consented to the jurisdiction of a Magistrate Judge.  (ECF Nos. 6, 9.)
[2] Petitioner filed two traverses, but they are identical copies.  (ECF Nos. 13 and 14.)

28

[3] The parties do not indicate when she was convicted, but Respondent indicates her projected release date with good time credits is June 22, 2027.  (ECF No. 11.1 at 5:2.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1

Petitioner alleges she suffers from a variety of medical conditions:  alopecia, "leukopenia, severe Vitamin D deficiency, hypertension, GERD, anthropathy, bursal cyst, eye problems, a compromised immune system, and carpal tunnel."  (ECF No. 1 at 9.)  She claims she has received inadequate medical treatment for these conditions "due in large part" to a shortage of medical staff.  (*Id.*)  She argues "continued incarceration in the face of ongoing constitutionally deficient medical care, which constitutes clear Eighth Amendment violations, represents unjust punishment and thereby warrants immediate release for time-served or home confinement detention."  (*Id.*)  Petitioner also claims SPC inmates "are exposed to asbestos and other dangerous substances," including "black mold and lead paint, as well as raw sewage that spews from inoperable toilets in the living areas as well as in the kitchen area" and the "kitchen also has black mold, rat feces, inoperable refrigeration, no handwashing sink."  (*Id.* (citing report from Occupational Safety and Health Administration).)  Petitioner seeks to be released "to home confinement" or to have her sentence reduce such that she can obtain "immediate release" from custody.  (*Id.* at 7.)

In April 2024, after briefing on the instant motion was completed, the Federal Bureau of Prisons closed the facilities in Dublin and transferred all of the inmates to other federal prisons. *See California Coalition for Women Prisoners, et al., v. United States Federal Bureau of Prisons, et al.*, No. C 23-4155 YGR (PR) (ECF No. 354; *see also* ECF Nos. 260, 264, 274, 287).[4] Petitioner has not indicated where she currently is incarcerated, notified the Court of a change of address (*see* Civil Local Rule 3-11 (requiring parties to notify the Court of any change of address)), filed anything, or otherwise communicated with the Court since the closure of the Dublin facilities.

**DISCUSSION**

The petition is moot because Petitioner seeks release from custody based upon unconstitutional conditions in a prison where she is no longer confined.  Article III, Section 2, of the Constitution requires the existence of a "case" or "controversy" through all stages of federal

---

[4] Court orders and other court documents are proper subjects of judicial notice.  *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006); *see also* Fed. R. Evid. 201(c) (providing court "may take judicial notice on its own").

1   judicial proceedings.  This means that, throughout the litigation, the plaintiff "must have suffered,

2   or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a

3   favorable judicial decision."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  A case

4   becomes moot "when the parties lack a legally cognizable interest in the outcome."  *Johnson v.*

5   *Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1020 (9th Cir. 2010) (quotation marks

6   omitted).  When an inmate is released from prison or transferred to another prison, and there is no

7   reasonable expectation nor demonstrated probability that she will again be subjected to the prison

8   conditions from which she seeks injunctive relief, the claims for injunctive relief are moot.  *See*

9   *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995); *see also Alvarez v. Hill*, 667 F.3d 1061,

10  1064 (9th Cir. 2012) (same for claims for declaratory relief).

11          Petitioner seeks injunctive relief, i.e., release from the Dublin facility, because of allegedly

12  inadequate medical care and toxic conditions there.  Petitioner is no longer subject to those

13  conditions, however, because after she filed the instant petition, the Federal Bureau of Prisons has

14  closed the Dublin facilities and transferred the inmates, including Petitioner, to different prisons.

15  Petitioner has not indicated where she is currently confined nor has she alleged she continues to

16  endure unconstitutional conditions in her new prison.  Petitioner does not have a legally

17  cognizable interest in the injunctive relief she seeks because she no longer experiences the basis

18  for such relief, namely unconstitutional conditions of confinement at the Dublin facility.

19  Therefore, her petition is moot.

20          Moreover, a federal habeas petition is not the proper avenue for challenging those

21  conditions.  Federal law "opens two main avenues to relief on complaints related to imprisonment:

22  a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under 42 U.S.C. § 1983."

23  *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  Habeas petitions are "the exclusive vehicle" for

24  claims challenging "the fact or duration of the conviction or sentence."  *Nettles v. Grounds*, 830

25  F.3d 922, 927, 934 (9th Cir. 2016).  By contrast, a civil rights action under 42 U.S.C. § 1983 is the

26  "proper remedy" for a claimant asserting "a constitutional challenge to the conditions of his prison

27  life, but not to the fact or length of his custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 499

28

1   (1973).  If success on petitioner's claim would not "necessarily lead to immediate or speedier

2   release," the claim may not be brought in a habeas petition.  *Nettles*, 830 F.3d at 935.

3   In *Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023), the Ninth Circuit addressed the

4   circumstances in which a prisoner can challenge the conditions of confinement in a habeas petition

5   and seek release from custody based upon those conditions.  *Id*. at 1062, 1065-66.  The court sated

6   "the relevant question is whether, based on the allegations in the petition, release is *legally*

7   *required* irrespective of the relief requested . . . [o]r stated differently, a successful claim sounding

8   in habeas necessarily results in release, but a claim seeking release does not necessarily sound in

9   habeas." *Id*. at 1072-73 (emphasis in original).  The court affirmed the dismissal for lack of

10  jurisdiction of a habeas petition under 28 U.S.C. § 2241 claiming federal prison officials failed to

11  implement adequate safety protocols in response to COVID-19.  *Id*. at 1073-76.  The court held

12  the petition did not allege facts to support the contention that no set of conditions would cure the

13  constitutional violations, necessitating a remedy of release, and as other remedies short of release

14  could remedy the allegedly unsafe conditions, the claims must be brought in a civil rights case.  *Id*.

15  at 1075.

16  Respondent correctly argues that here, as in *Pinson*, the court lacks jurisdiction to consider

17  Petitioner's claims regarding inadequate medical care and toxic conditions.  Petitioner does not

18  allege facts, when liberally construed, showing that no relief short of release is adequate to the

19  cure these alleged constitutional violations, such as improvements to medical care, increase in

20  medical staff, cleanup of the toxic conditions, or transfer to a different facility.  Accordingly,

21  under *Pinson*, a habeas petition is not the appropriate vehicle for Petitioner's claims.[5]

22  In her traverse, Petitioner requests to convert the instant habeas petition to a civil rights

23  complaint.  (ECF No. 13 at 2.)  Such a complaint would be moot under *Dilley*, however, for the

24  same reason the petition is moot, namely it would seek injunctive relief from conditions at a prison

25  where Petitioner is no longer confined.  Although a claim for *damages* in a civil rights complaint

26

27  _____
    [5] If Petitioner wants to pursue claims regarding any unconstitutional conditions at her *current*
28  place of confinement, she must bring such claims in a civil rights action under 42 U.S.C. § 1983 in
    the federal district court where she is located.

4

would not be mooted by her transfer, *see McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095-96

(9th Cir. 2004) (holding plaintiff's claims for damages were not moot where claims for injunctive

and declaratory relief were mooted by his release from prison), Petitioner does not seek damages.

Nonetheless, the dismissal of the instant petition will be without prejudice to allow Petitioner to

file a new case in this district in which she may file a civil rights complaint under 42 U.S.C. §

1983 seeking monetary damages for the conditions that occurred at the Dublin facility.[6]

---

[6] Petitioner is welcome to contact the attorneys who are representing the class of former Dublin prisoners in *California Coalition for Women Prisoners, et al., v. United States Federal Bureau of Prisons, et al.*, No. C 23-4155 YGR (PR), who may be able to assist her.  Their contact information is:

**Oren Nimni**
Email: oren@rightsbehindbars.org
**Amaris Montes**
Email: amaris@rightsbehindbars.org
**D. Dangaran**
Email: d@rightsbehindbars.org
Rights Behind Bars
416 Florida Avenue NW, Ste #26152
Washington, DC 20001
(202) 540-0029

**Kara Jane Janssen**
Email: KJanssen@rbgg.com
**Adrienne Spiegel**
mail: aspiegel@rbgg.com
**Ernest James Galvan**
Email: egalvan@rbgg.com
**Ginger Jackson-Gleich**
Email: gjackson-gleich@rbgg.com
**Luma Khabbaz**
Email: lkhabbaz@rbgg.com
Rosen Bien Galvan & Grunfeld LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105-1738
(415) 433-6830
Fax: (415) 433-7104

**Stephen Seungkun Cha-Kim**
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
212-836-7270
Email: stephen.cha-kim@arnoldporter.com

**Carson Dean Anderson**
Arnold and Porter Kaye Scholer LLP
5 Palo Alto Square, Suite 500

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED without prejudice to Petitioner bringing claims for damages in a civil rights action.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July 2, 2024

Susan van Keulen
United States Magistrate Judge

---

3000 El Camino Real
Palo Alto, CA 94306
(650) 319-4500
Fax: (650) 319-4700
Email: carson.anderson@arnoldporter.com

**Natalie Steiert**
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington D.C., DC 20001-3743
202-942-6716
Email: natalie.steiert@arnoldporter.com

**Susan M. Beaty**
California Collaborative for Immigrant Justice
1999 Harrison St. Suite 1800
Oakland, CA 94612
510-679-3674
Fax: 415-840-0046
Email: susan@ccijustice.org